LJF:VHT
2007R00147

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOSE FERREIRA,

               Defendant.

- - - - - - - - - - - - - - - - - -X

**M-08-326**

SEALED AFFIDAVIT IN
SUPPORT OF ARREST WARRANT

(18 U.S.C. § 201)

EASTERN DISTRICT OF NEW YORK, SS:

Omar Daza, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Justice, Office of the Inspector General (OIG), duly appointed according to law and acting as such.

Upon information and belief, in or about and between January 2006 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE FERREIRA, being a public official, did directly or indirectly, corruptly receive, accept and agree to receive and accept things of value in return for doing and omitting to do acts in violation of his official duty, to wit: while employed as an correctional officer with the United States Federal Bureau of Prisons (BOP), assigned to the Metropolitan Detention Center (MDC) as a Correctional Officer ("CO"), the defendant accepted United States currency in

2

exchange for smuggling contraband into the MDC, which he then provided to inmates in violation of MDC regulations.

(Title 18, United States Code, Section 201).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.    I have been an agent with OIG for approximately six years.  During my employment with OIG, I have participated in several investigations involving crimes related to violations of the law by persons employed in an official capacity in the course of the execution of their duty.  Among other things, I have conducted or participated in physical surveillance, consensual monitored recordings, as well as, the deployment of confidential informants and the execution of search warrants.  Based on my training and experience, I am familiar with various violations committed by individuals who use their status as public officials to profit from the misuse of that authority by means such as the acceptance of bribes.

2.    My investigation has revealed that the defendant JOSE FERREIRA, while working as a CO at the MDC in Brooklyn, New York, received cash from the friends and relatives of the inmates that he was assigned to supervise in exchange for smuggling various forms of contraband, including but not limited to,

---

[1]Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not set forth all of the facts and circumstances of which I am aware.

3

digital music players, alcohol, cigarettes and pornographic magazines, to MDC inmates.

3.    I have interviewed a cooperating witness ("CW") who has informed me that between January 2006 and December 2006, the defendant JOSE FERREIRA, provided him with multiple digital music players and other contraband while the CW was an inmate at the MDC.   MDC records show that during the above mentioned time period, the defendant JOSE FERREIRA worked on the Unit where the CW was incarcerated.

4.    The CW further informed me that he provided the defendant JOSE FERREIRA with a telephone number for one of the CW's relatives ("the relative") and that the defendant agreed to meet with the relative.   Upon meeting with the relative, the defendant collected a cash payment from the relative along with the contraband that the defendant agreed to smuggle inside the prison and deliver to the CW.

5.    I have also interviewed the relative, who reported that he met with the defendant approximately ten times to discuss or conduct the smuggling transactions.

6.    Among other meetings, the relative reported that, on one occasion during the summer of 2006, he met the defendant JOSE FERREIRA in Manhattan.   The relative reported that, at that meeting, he gave the defendant a duffle bag containing, among other things, water bottles filled with vodka, a digital music player and pornographic videos and magazines.   The relative

4

further reported that he gave the defendant JOSE FERREIRA approximately $400 in United States currency as payment for his delivery of the contraband to the CW, who was then a prisoner at the MDC.

7. On or about September 11, 2006, MDC personnel confiscated two digital music players from the unit where the CW was assigned.

8. The relative also informed me that he spoke with the defendant JOSE FERREIRA via telephone numerous times to discuss the smuggling of contraband into the MDC on behalf of the CW.

9. The relative's information is corroborated by the fact that the relative's mobile telephone records of incoming and outgoing calls for the period between February 2006 and August 2006 show approximately 86 telephone calls, in total, between telephone numbers associated with the defendant JOSE FERREIRA and the telephone number belonging to the relative.

10. Specifically, the relative's phone records show approximately 14 calls between August 2006 and December 2006 between the relative's phone number and (516) 320-0357, a mobile telephone number subscribed in the defendant's name. The relative informed me that the CW gave the relative the (516) 320-0357 telephone number as a contact number for the defendant JOSE FERREIRA and I observed that the above mentioned number was saved in the relative's mobile phone under the name "Jose." The

5

relative's phone records further show approximately 72 calls between February 2006 and August 2006 between the relative's phone number and (718) 637-4872, a number registered to a girlfriend of the defendant's, which the defendant JOSE FERREIRA provided to his employers at the MDC as a contact number.

11.  On or about November 20, 2007, the CW placed a consensually recorded phone call to the defendant JOSE FERREIRA. During that call, which I reviewed, the defendant stated in sum and substance and in pertinent part, that the relative had given him approximately $7,000 in total in connection with this smuggling scheme.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant JOSE FERREIRA so that he may be dealt with according to law.

_____
Omar Daza
Special Agent
Office of the Inspector General
Department of Justice

Sworn to before me this
___ day of April, 2008

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK